**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| James River Ins. Co., | ) | No. CV-05-1213-PHX-FJM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Hebert Schenk, P.C., | ) | |
| Defendant. | ) | |

This court has before it defendant Hebert Schenk's Motion for Reconsideration (doc. 52) pursuant to LRCiv 7.2(g) and Fed. R. Civ. P. 59(e), as well as plaintiff James River's Request for Guidance (doc. 53), which we consider a response to defendant's motion. Defendant asks this court to reconsider its Order (doc. 48) granting summary judgment in favor of James River, based upon the conclusion that defendant failed to present evidence that James River acted in bad faith. In its counterclaim, defendant presented various arguments to establish James River's bad faith, including that James River (1) failed to promptly process the coverage claim; (2) failed to investigate the coverage claim; (3) failed to reasonably evaluate the coverage claim; (4) failed to consider defendant's interests; (5) jeopardized defendant's security; and (6) failed to effectuate a settlement. Defendant now presents the same arguments in its Motion for Reconsideration, asking this court to reconsider its ruling. Once again, we reject these conclusory allegations of "bad faith." Each of these allegations challenges the process used by James River to determine whether

1  coverage existed for the Nolan Claim.  Regardless of how James River internally analyzed
2  the coverage issue, James River in fact provided a proper defense of the claim, while at the
3  same time seeking declaratory relief in order to resolve the coverage question.  We reject the
4  claim that these and other arguments raised for a second time in this Motion established
5  James River's bad faith.

6        Defendant also submits what it considers to be new evidence that James River's
7  defense of the Nolan Claim was a mere "sham."  After our Order was entered on February
8  27, 2006, James River transferred to defendant in excess of $142,000 of accumulated defense
9  cost invoices, dating back to August 2005, claiming that payment of these invoices is now
10 defendant's obligation.  This "new evidence," however, does not rise to the level of
11 establishing bad faith, but instead raises the issue of when the duty to defend terminates once
12 a court determines that no coverage exists under a policy.  We address this issue in order to
13 clarify the effect of our conclusion that coverage is not available for the Nolan Claim.

14       The duty to defend arises upon the tender of a potentially covered claim and lasts until
15 it has been shown that no coverage exists.  See, e.g., Scottsdale Ins. Co. v. MV Transp., 36
16 Cal. 4th 643, 655, 115 P.3d 460, 466 (2005).  Here, our conclusion that there is no coverage
17 for the Nolan Claim does not retroactively relieve James River of its duty to defend.  Id.
18 Rather, James River's duty to defend the Nolan Claim was extinguished as of February 27,
19 2006, the date this court issued its Order concluding that coverage for the claim is
20 unavailable.  Accordingly, James River is responsible for defense costs that were incurred
21 prior to February 27, 2006.[1]

---

[1] We note that this issue is beyond the scope of the original action; therefore, any breach of James River's duty to defend must be remedied in a separate action.

**THEREFORE, IT IS ORDERED DENYING** defendant's Motion for Reconsideration (doc. 52), but clarifying that the effect of our February 27, 2006 Order is to terminate James River's duty to defend as of that date.

DATED this 28\<sup>th\</sup> day of March, 2006.

*/s/ Frederick J. Martone*
Frederick J. Martone
United States District Judge