**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| James River Ins. Co., | ) | No. CV-05-1213-PHX-FJM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Hebert Schenk, P.C., | ) | |
| Defendant. | ) | |

The court has before it James River's motion for attorneys' fees and costs (doc. 50) and memorandum and supplement in support thereof (docs. 62, 70); Hebert Schenk, P.C.'s ("Hebert Schenk") responses (docs. 64, 72); and James River's reply (doc. 66).

James River filed a declaratory judgment action seeking a declaration of its rights and responsibilities under a professional liability insurance policy (the "Policy") issued to Hebert Schenk, who in turn filed a counterclaim for breach of contract and insurance bad faith. We granted James River's motions for summary judgment, concluding that no coverage was available and that James River had not breached the insurance contract or its covenant of good faith and fair dealing.

James River now asserts that it is entitled to attorneys' fees and costs pursuant to A.R.S. § 12-341.01(A), (C) and A.R.S. § 12-349. Under § 12-341.01(A), a court may award attorneys' fees to the prevailing party in an action arising out of a contract. A court may also

1  award attorneys' fees under § 12-341.01 for interrelated contract and tort claims, such as
2  breach of an insurance contract and bad faith claims. Sparks v. Republic Nat'l Life Ins. Co.,
3  132 Ariz. 529, 544, 647 P.2d 1127, 1142 (1982) ("[A]n action alleging insurer's bad faith is
4  one 'arising out of a contract' within the meaning of § 12-341.01(A)."). James River argues
5  that it is entitled to attorneys' fees related to both its prosecution of the declaratory judgment
6  action and the defense of Hebert Schenk's counterclaim.

7  In evaluating a motion for fees under A.R.S. § 12-341.01, we consider a number of
8  factors, including (1) whether the unsuccessful party's claim or defense was meritorious; (2)
9  whether the litigation could have been avoided or settled; (3) whether assessing fees would
10 cause extreme hardship; (4) whether the successful party prevailed with respect to all relief
11 sought; (5) whether the legal question was novel; and (6) whether the award would
12 discourage other parties with tenable claims from litigating them. Associated Indem. Corp.
13 v. Warner, 143 Ariz. 567, 570, 694 P.2d 1181, 1184 (1985). No one particular factor is
14 determinative of whether fees should be awarded, and we will consider all relevant factors
15 in exercising our discretion. Wilcox v. Waldman, 154 Ariz. 532, 538, 744 P.2d 444, 450 (Ct.
16 App. 1987). An award of attorneys' fees pursuant to this statute is discretionary in nature and
17 the prevailing party in an action arising out of contract is not presumed to be entitled to an
18 award of fees. Associated Indem. Corp., 143 Ariz. at 569, 694 P.2d at 1183. An award is
19 made to "mitigate the burden of the expense of litigation" and "need not equal or relate to"
20 the fees incurred. A.R.S. § 12-341.01(B).

21 We first consider the motion for fees related to the declaratory judgment action. With
22 regard to the first and fifth factors, Hebert Schenk presented a meritorious argument
23 interpreting a contract provision that was an issue of first impression in this jurisdiction. We
24 note that there is arguably some inconsistency in the interpretation of similar provisions in
25 other jurisdictions. We conclude that Hebert Schenk's claim was both meritorious and novel,
26 and therefore these factors weigh in favor of Hebert Schenk. Second, settlement attempts
27 were made by the parties without success. This factor is neutral. Third, Hebert Schenk
28 asserts that the relative economic positions of the parties are disparate. James River is a

1 multi-million dollar insurance company, while Hebert Schenk is a small local law firm
2 consisting of 14 lawyers.  Although Hebert Schenk does not assert that an award of fees
3 would result in an extreme hardship, the disparate economic power of the parties counts in
4 favor of Hebert Schenk.  The fourth is the only factor that clearly weighs in favor of James
5 River, who was the prevailing party with respect to all relief sought.  Finally, because this
6 was a novel issue of law, an award of fees in this case may discourage other parties from
7 litigating tenable contract claims of first impression.  Based on the foregoing, we conclude
8 that the overall balance of factors weighs heavily in favor of Hebert Schenk, and accordingly
9 we decline to award fees related to the declaratory judgment action.

10 The motion for fees relating to the defense of the counterclaim presents a different
11 issue.  Hebert Schenk's counterclaim for breach of contract and bad faith was based on its
12 assertion that James River was not providing a defense in the underlying action, when the
13 undisputed evidence established that James River was in fact providing a defense.  Hebert
14 Schenk made conclusory allegations of bad faith, each of which challenged the process
15 employed by James River to determine whether coverage existed for the Nolan claim.
16 Notwithstanding its coverage assessment, however, James River proceeded with a defense
17 of the Nolan claim.  Accordingly, this factor weighs strongly in favor of awarding fees.
18 There is no indication the parties attempted a settlement on the bad faith/breach of contract
19 issues.  There is no indication Hebert Schenk would suffer an extreme hardship if fees related
20 to the counterclaim were awarded.  James River prevailed with respect to the counterclaim
21 in its entirety.  The legal question related to the counterclaim was far from novel.  And there
22 is no indication that a fee award would discourage a bona fide breach of contract or bad faith
23 claim.  Based on the foregoing, we conclude that an award of attorneys' fees related to the
24 counterclaim is warranted.[1]

---

[1] Because we award fees under A.R.S. § 12-341.01(A), we need not consider James River's arguments under A.R.S. §§ 12-341.01(C) or 12-349.

1     On the other hand, the counterclaim should have taken little time to eliminate. The
2 fee request generally reflects disproportionate time entries. In our discretion, we award fees
3 to James River on the counterclaim in the amount of $5,000.

4     **IT IS THEREFORE ORDERED GRANTING** in part and **DENYING** in part
5 James River's motion for an award of attorneys' fees (doc. 50). Fees are allowed in the
6 amount of $5,000. Costs are allowed in the amount of $250.

7     DATED this 16th day of August, 2006.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge